Okay, the next case for us to hear today is Laureano v. Attorney General, appellate number 24-2433. Good morning. Thank you, your honors. May it please the court. My name is Rebecca Hofstadter. I'm from Legal Services of New Jersey, and I'm pro bono counsel for petitioner, Petitioner Patria Laureano, who's here in court today. May I please reserve two minutes for rebuttal? May. Thank you. I will be addressing why the Attorney General's decision in matter of YL conflicts with the statute as well as the CAC claim and my colleague Ms. Rael Muto will address the lack of reason basis for the YL decision. Can you begin by addressing Riley because I don't take you to dispute Riley's interpretation of 1252 B1 as being applicable here. No, your honor. So, Riley, the holding of Riley was related to timeliness and held that while the final order was the with the reinstatement order that that time bar is not jurisdictional and it was waived in this case by the government. Why was it waived in this case? The government indicated that the petition was timely on page four. Then the government acknowledged that there was a case pending in the Supreme Court, which was Riley. They had to make that acknowledgement in the in the responsive brief, but they noted that that Riley was pending. And then subsequent to that, they notified this court that Riley's been decided and and it says it's a 30 day window. I didn't take you to dispute that Riley's either Riley's holding, which I don't think it could or that it would seem to apply here. Correct, your honor. But I would dispute the characterization of the government's brief, the government could have indicated that it wants to preserve that issue for future review in light of the pending decision and Riley instead it said this petition was timely, that's, that's an explicit waiver. But it was under our precedent at that point. I mean under interstitial, there's no question it was timely. I just, I'm not what's, where do you get the authority from that the waiver argument needs something more than that in light of, of, of what they argued. Um, your honor, I, I think from Barna that it's an explicit decision not to press that issue despite knowing that the that the Riley case was on appeal to to the circuit. I would add that, you know, if the court disagrees, the, the deadline is as it's non jurisdictional is subject to equitable tolling and we'd respectfully ask for additional briefing on that issue. Although I didn't actually take the government's 28 J letter now to disagree with the statement in our 28 J letter that the issue had been waived the government's 28 J letter relates to another part of Riley, but didn't even now actually press the issue of timeliness so we could talk about the other part related to the cat claim as when we, when we get to that but but I understand your point you're, you're, you argue it's waived and we'll hear from your adversary on that question. Okay, thank you. Thank you, Your Honor. So turning back to matter of while matter of while constrains the agency the IJs and the BIA to treat convictions for drug trafficking offenses differently from all other kinds of crimes when deciding whether they're particularly serious crimes, and three rules of statutory construction show that that categorical rule conflicts with a USC. I mean it's subject to exceptions, it's, it's a rebuttable presumption, it has been rebutted in cases that the United States has put forward that we have decided. So, how is it a categorical, Your Honor, it's been, it's a categorical rule because it applies to a category drug trafficking offenses, and it applies in a mechanistic way it's not a traditional rebuttable presumption like, like the Irwin presumption that's at issue in some of the cases, my friend cited in his brief where it puts a thumb on a scale but the adjudicator can consider all the evidence all the facts and ultimately make a determination about whether the presumption has been adjudicator is the Attorney General right i mean who, who's the adjudicator. The IJ I'm saying in this particular case the Attorney General can't set standards for the for the determination here I mean the IJ is an employee of the Justice Department works for the Attorney General writer, I mean, because this is something that came up in your brief but I wasn't sure if that's what you're actually arguing so is your point that under the statute, the only authority that can be exercised here is by the by an IJ not the Attorney General. No, Your Honor, Attorney General can set guidelines standards and principles. Absolutely. The Attorney General did here, because what, because the Congress intended for an individualized case by case adjudication. And so the, the Board of Immigration Appeals has set guidelines and other cases. And absolutely if the Attorney General had said, I think that in drug cases these factors are going to be particularly relevant when the IJ is weighing all the factors, it could, he could have absolutely done that but that's not what yl does. I mean, that's not what the statute says I assume this is your, your kind of historical argument that if you look at what was passed before and that's what we should assume Congress, man, I mean, would, would you agree that's not what the second sentence in the statute says that it's an individualized determination. No, I think that's what it means so it, it says that the Attorney General is not precluded from determining that an alien so that indicates individualized determination case by an alien part, right, but the first sentence uses the phrase, an alien as well and you agree that's a categorical determination. It's a categorical rule although there's going to have to be a determination it relates to type of offense and sentence so the IJ is going to say here's a person did that person have an aggravated felony conviction was the sentence five years, and then go on to, if they're doing under why out to right I mean they're, they're looking at, because I understand your textual point but it struck me that the same language is used in the first sentence and obviously you're not debating that the first sentence doesn't mean what it says and so how does that a road. Doesn't that kind of undermine your argument about the best reading of the statute. I don't think it does, Your Honor, because if, if the Congress had wanted to delegate authority to the agency to create rules about types of offenses it knew exactly how to do that it did that in the asylum statute 1158 b to b to it says that the Attorney General's in the asylum particularly withhold particularly serious crime statute, and not in the withholding of removal so there's a problem with what yl is is it was labeled a presumption, as opposed to factors for consideration, and the implication of a presumption in some way makes a blanket statement about something that could be rebutted, but the blanket statement about that something, something meaning drug trafficking offenses is not individualized, is that your argument. I don't think how you label it matters. It's how it works. So under yl person in order to rebut the so called presumption has to meet each and every of the six factors, plus show other unusual circumstances. So that's nearly impossible to meet the government has cited two cases in 23 years, when, where the presumption was actually rebutted. Some of those six factors that people have to show in order to rebut it are internally inconsistent. For example, you have to show a peripheral role in the drug trafficking scheme, but you have to also show no impact on minors but like my client if you really have played a peripheral role, how could you know where each of the drugs when and who possibly use those drugs so it's really very difficult. My point was then the criteria that she cannot meet is the quantity criteria, the controlled substance because of a kilo. Right, right. And, and so that's because of the statute of conviction, she was convicted under a statute that doesn't involve a small amount. So the IJ couldn't go any further the BIA even said, nor could the BIA, the BIA said in footnote three these are But this wasn't the weight is so much that it outweighs all the other factors that's not how it works. The IJ and the BIA were constrained from considering all those other factors. And that's why it's not a traditional, if you want to call it a rebuttable presumption or a multi factor test, it's it's mechanistic and it just grains discretion rather than just guiding discretion. And I see I'm out of time with the court like me to address the cat claim briefly, or should I save it for a bottle. Yeah, I'd be interested in your thoughts on Riley as well like what, what did Riley do to our jurisdiction on that since as I read the cat claims present made it has to come through the petition for withholding of removal. And if Riley applies to that that there's no vehicle with which to bring the cat claim right. Your Honor. I think that that are that's based on one justice concurrent. I'm just reading the statute I mean I'm not, I'm not let's put Riley aside then for a moment it seems as though that's what, what are we looking at here. 2242 D says you can't know no court has jurisdiction to consider the cat claim except as part of the review of a final order of removal and so it seems like you're back. You're back into it I understand that issue wasn't presented in Riley because the government hadn't claimed the applicability but what you thought on the best reading of the statute. And so we would respectfully request supplemental briefing if the court wants to issue decision but but briefly Your Honor. This is as part of a review of a final order of removal, it's, we now know after Riley that the final order of removal was issued earlier than we thought it was. So it's not the one that we listed in the initial petition and we could of course amend the language of the petition, but ultimately that that order that was issued originally can't be executed until this, the cat. That claim is resolved and so we are seeking review of that order. In addition to the, to the withholding and cat claims. And. Okay, thank you. Thank you. Thanks.  Good day may place the court, you know, on behalf of amicus National Immigration Litigation Alliance, whether a matter of while creates either a per se rule or so close to a per se rule is really a distinction without a difference. I'd like to address what I think is the roadmap to reversal, which is why the decision is inconsistent with two decisions that came out after while the first is the Supreme Court's decision in July, and the second is former Attorney General Garland Garland's decision in matter of easy are. But let me just start with 22nd backdrop to put backdrop to put this in context. Remember that while is a one man decision when Ashcroft issued that decision he rejected a 15 member unanimous via panels the Attorney General counsel right I mean that's sure it's not one man is the Attorney General of the United States. But since you're bringing up the time that people can I.  It was in 2002 right. Correct. So this is a very long time that this has been sitting here, and Congress has not seen fit to reconsider that determination so I want to sort of understand how you think that that long standing custom that's now arisen around why all might be. Well, I refer the court to Demarest versus man speaker just because an agent interpretation is long standing doesn't mean that it's legitimate. It is true that in this court's jurisprudence no one has really challenged the validity of the while test and so this becomes a question of first impression for this court has been decided by any circuit. No, the First Circuit came close to deciding it was very concerned about the fact that the government was unable in the 23 years that the case has been in effect to actually show that the presumption has been reported, but that's why I say, whether it's a per se rule or so close to a per se rule, that's a difference but without meaningless, you know what happened in the First Circuit case back in the agency, the cases still before the immigration on appeal now back before the BIA, so what do you know what the idea did. I think that the person could not rebut the presumption, they apply they embrace the while presumption right and so he'll have to go back up to the Court of Appeals, as the Court of Appeals invited him to do. Because the idea in that case didn't address the didn't actually apply the test. But, you know, so, while as an outlier every single other kind of offense. The agency applies a multi factor test and bet and baked into that test is an assessment of dangerousness agency looks at nature conviction type of sentence circumstance facts underlying conviction. They also look at coercion duress mental health. These factors are not allowed to be considered in the while analysis, and Ashcroft expressly prescribed consideration of cooperation with law enforcement authorities limited criminal histories downward departures of sentencing. These factors are germane to a particular serious crime analysis because they bear on the severity of the offense and dangerousness in July, the Supreme Court rejected the bias approach to deeming certain non citizens ineligible for relief found it was arbitrary and capricious and on board from the purpose of statute, because the BIA precluded consideration of germane factors relevant to their fitness to stay in the country here the purpose of the withholding statute is to protect people from facing persecution. No purpose is served by precluding consideration of factors relevant to whether or not their offense is so particularly serious that there are danger that they're dangerous. And then in BC are former Attorney General Garland reversed a BIA decision, barring consideration of mental health evidence. After two courts of appeals rejected the exclusion of that evidence in the particular serious crime analysis. Just as opposing counsel argues in this case with respect to evidence of coercion and duress, which may not be may or may not be present in this case but of course this court is looking at the agencies interpretation of the statute because that's going to people in all cases and and people do commit crimes under commercial address and busy are the board. Garland reverse the board's exclusion of that evidence, and he rejected that rationale and explained that particularly serious crime determinations and criminal culpability are two distinct questions. All relevant evidence may not have been presented to the criminal court and evidence of a he expressly says evidence but non citizens motivation intent can be relevant to the dangerous analysis, and it was wrong to categorically exclude mental health evidence, and that's been the bias position for all other types of offenses that all relevant evidence must be considered Garland's rationale for apply similarly to allowing consideration of the factors that why l bars. And so I see my time's up, I can briefly touch on dangerous or necessary can sit down. Sure. No, I think we're good. Thank you. Thank you. Morning, your honors and may please the court, Anthony and already on behalf of the Attorney General. I guess I'd like to know your position on the jurisdictional question. And also, why it took you so long to respond to the petitioners 28 J letter. Yes, Your Honor, I was going to turn to Riley first so I think there's two questions on the Riley and I'll address both of them. First, there's the timeliness, we do not think we waived the timeliness of the petition in our brief because we did note that Riley was pending for the Supreme Court. However, I don't think that issue matters is because we think, with respect to the timeliness the court can move to the merits of this journey of this case, and doesn't need to decide that question. However, with respect to the jurisdiction. We raised that more recently however because to respond to two other courts of appeals have asked the court have asked the government about our view on Justice Thomas's concurrence, whether or not the court has jurisdiction over those cat withholding claims, I'm confused counsel because this this seems like a critical point here when you say, No, we did raise it, and Riley is applicable, but we don't think it matters and you can reach the man I mean, you are specifically the timeliness, as my friend on the other side said is a non jurisdictional claims processing rule, and therefore we don't think the court needs to delve into the tolling analysis on the timeliness of the of the raising the petition. However, there is the jurisdictional element of whether or not the cat claim and the withholding claim are zipped up under 12 to be nine and then a for you asserting Riley applies here are you not, Your Honor. Candidly, I'm not asserting it does or does not we agree that there would need to be further supplemental briefing on that particular question. This is a very recent issue and there's active briefing going on, we have not turned judgment he might have been asking you about the timeliness point not the cat point not the cat boy Oh sorry yes with respect to the timeliness point. We don't think it is relevant to this case here. They're not pressing it we're not pressing it in this case correct runners. However, with respect to the jurisdictional argument because the court has to assure itself its own jurisdiction, we think that would require further additional briefing. What's your position today. Your Honor, again, can they I'm not taking a position because we have not come formulated a position internally, because it is a developing issue and to courts of suicide requested briefing on this issue we are still developing that briefing and determining the agency's what was the point of the letter that I'm really I'm perplexed now the United States brings these issues to the court's attention but now it's not prepared to actually illuminate us on your honor we're only bringing these to your attention because other courts have asked us for our position on that we think because the court has to assure itself of its own jurisdiction, we need to bring that to the court's attention and we would not want to raise that later in another case, we want to raise that you have no you can offer no position on the subject correct run, so we are left to our own devices. Your Honor, that's why again we think we, but if we decline that it's not like Raleigh was decided yesterday. Yeah. Correct. Your Honor, however, the other like Riley is particularly hard to decipher either I mean Riley couldn't be clearer in its holding of the jurisdictional component regarding the timeliness of the sorry the claims processing role, and it naturally again, because the court has to assure itself its own jurisdiction, if the court would like our views on that we of course we do have a position on whether Riley on the jurisdictional point only deals with the cat claim. Is it your position it only applies to cat not statutory withholding. Your Honor, I did not have a position on that right now no I'm not authorized to have a position on your, your, your colleagues on the other side. Stop here. You said two things, you don't have position then you said you're not authorized. You're on I was amending the first you not giving us a position because you're not authorized to, because Judge Schwartz ask you for your position. Your Honor, I get I'm not authorized to take a position on this issue right now because there's still internal deliberations. That's ridiculous. I mean, I know you're the Department of Justice, and I understand it's a big agency, but your counsel in front of this court, and for you to say you can't give us an answer because you're not authorized. Especially when it comes to the power of the court to even adjudicate a matter that's been presented to it by a petition that was filed. Long ago, that's been implicated by a case that was decided three months ago. It's. I have to echo my colleagues, it's, it's, it's difficult for us to understand when it goes to the power of the court to decide matters that are before the department, all the time. And we can I say that based on the number of immigration cases, we have these issues raised all the time. So, what do you assume we're not going to give you leave to file supplemental briefs. Well, I mean, I'll go back to your, your colleagues on the other side mentioned the possibility of supplemental briefing, I know there's other issues before the court, but, but perhaps that's the way we'll choose to deal with it but, but we'll let you know, let me, let me ask you another sub question. You said you've been asked by other circuits. Yes. Have you given the other circuits who have asked a question and answer. It's my knowledge your honor we have not as of yet we there's the fourth and the ninth circuit. I was asking for if you asked answered the question to them maybe give us. I don't even take a position on whether only applies to cat. You're on I don't want to take a strong position I that's to my personal knowledge I'm not sure but I could be wrong on that. There might have been restyled I have not I'm not going to start you can you not you are you able to take a position on whether this jurisdictional question that was raised really in one concurrence applies only to cat. I cannot your honor, you know, I think you understand our position. I do you understand our question, and we understand the difficulties of a big, big operation like Department of Justice, but you know we are a court, and I know you're in front of courts with great frequency, and maybe you can take back the message that, you know, when you, when you're sent up here to Philadelphia, on a case, you'd be better served the department be better served. If you could articulate a position. Of course, I understand that completely. Let's move on to the presumption presumptions are based on a collection of things that have happened in the past to make an inference about something in the future. How is that an individualized determination, your honor I think fundamentally the question here is, is two pieces what what is the statute allow the Attorney General. What types of rules is the statute allow the Attorney General to make what he made a rule. Yes, your honor, how does he make how does that rule comport with this interpretation that this course has given on the second sentence of the operative statute, because your honor, I think, I think both sides here agree that this court in Chong looked at a different stack of different. The start of it. Yes, we love that that's that. Yes, concluded it was a case by case analysis for the second sentence. Yes. So, we've interpreted that that clause to mean that thing. How is the presumption as articulated by the Attorney General and why l, not an individualized consideration. Well your honor we believe it is a individualized case by case termination we think there's at least two panels of this court that have also looked at matter of while and come to the same conclusion that it does allow for the type of case by case termination, that is required both by the statute is recognized by Chong, as a matter of due process, I would point the court both to forward into more son, both of those cases, the court was looking at matter of while, and both in both cases held that yes, the statute of the matter while presumption allows for that individualized termination was the presumption challenged in those two cases. Your Honor, I believe it wasn't for I do not believe it wasn't more son, however I think that were they in precedential decisions, neither the more precedential decisions from the start of volume required or did it permitted because I'm not sure at that point I, I thought we held that it. We were considering whether did it permitted an individualized decision, and we said indeed it did, and I'm not sure that it. I'm not sure I read it to say that it required it. And then, obviously, there's your further point of why isn't this an individualized determination and I don't understand the petitioners saying there was never an individual consideration of my petition, what they're saying is, it shouldn't have been constrained by the factors that general, and I'm not sure whether the second argument is is in fact it can't be constrained by any factors I think they said, no, it can be but but not these factors. So, is that inconsistent with the start of your honor I think their argument takes a step further back and really said I think the premise of their argument is that they view this as a per se or categorical rule which they think because of the first sentence, the second sentence that would make the rule inconsistent with the second sentence, we are positioned as that is not a per se or categorical rule as I think petitioners and amicus acknowledge there are at least in their view two decisions of this court, or one decision of this court and one board decision that we've presented in our appendix, where the presumption was rebutted. So then the question becomes, what does the statute allow the Attorney General to do, and we think here where this statute expressly delegates the authority to the Attorney General to make these types of rules with this court recognize 1231 does allow give that express authority to the Attorney General. There we think there's nothing inconsistent by the Attorney General making even a very strong presumption. And that's what if it undermines the, the, the tenor, the spirit of the second sentence which is to be individualized. I mean this is a pretty good does constrain in a particular type of offense. What kind of relief and individual to get, and this is an asylum where it was promulgated by regulation. This is a pronouncement by the Attorney General I don't disagree with my colleagues that Attorney General has certain roles in the process but does it is it permitted to undermine the individualized assessment that's contemplated by the second sentence, your honor fundamentally we believe that this matter while does allow for the type of individualized termination, I would point the court back to a decision in Chong, there was looking at matter of LS which is a different framework, but fundamentally when discussing what the case by case termination requires Chong said it's entitled to fact finding on a record before the board and disclose petitioner be allowed to make arguments on their own behalf, and have a right to that determination. And here that's exactly what's happened for the IJ and the board. All the factual findings are made in the record. The petitioner had the ability to present evidence went had an appeal to the board. I think that's really the heart of what kind of the, whether you view it as due process or statutory authorization I think Chong wasn't entirely clear on that point, but in either respect I think here that the petitioner has been afforded that opportunity to raise these claims, simply that because her of her pleads and then conviction under the statute. One kilogram heroin that falls foul of the first element of matter while, but I don't see that as an issue of the Attorney General statutory authority to create the strong presumption. So, Mr. Nardi educate educate me on this point. This rule was adopted in 2002 in the matter of while, and it's it becomes presidential. You know subsequent Attorney Generals have come along. Can they override what was decided in matter of while themselves or does that have to go before the full BIA. What's the process, Your Honor, my understanding the process there is a certification of a case that would would overturn that that case then certified to the Attorney General and the Attorney General, and a presidential decision can overrule prior Attorney General decisions, and that and that hasn't been done. That has not been done since 2002. It has happened in other cases it has not happened with this case, this goes to the point we were asking earlier that there's a there's a fairly long standing recognition of the role that goes beyond one moment in time it's been not challenged by Congress, it doesn't show consistency I assume. Your Honor, I think that shows that courts have continually upheld the decisions and the application of while I think about the court the executive branch right judge Fisher point is is that multiple attorneys general have had the opportunity to reconsider matter of while and they have not correct and we also just to respond to my friend's point about other more recent Attorney General decisions we think even under the while presumption framework. These other decisions can be taken into account and other factors can be taken into account. It's simply that the first six factors have to be met. And then as the Attorney General said in while, then other considerations. How is that individualized I still don't have an answer to that question, how is that individualized your honor because the facts of the case, even the IJ and board are still looking at the individual facts of the case, they're simply applying a different set of standards that are being applied to the individual case however as this court of Lopez and other board decisions that we've submitted in our appendix show in those cases the IJ and the board have looking at the individualized set of circumstances found that know the presumptions have been rebutted I know this is a rebuttal presumption, I'm recognizing the cases that you brought to our attention says it can be rebutted. But this makes it explain to me how this is not a categorical rule for for drug offenses it's not about the aliens conduct, specifically it's like, if you have a drug offense, then you are to presume the following absent rebuttal, how is not that categorical as compared to individual. Well, your honor, I would say I think that question goes more to the, what is the power of the Attorney General to make different types of presumptions with under 1231 that my point is, how can you make a categorical framework that I've described. If the second sentence on which he was relying on for his authority has been interpreted to say it must be individualized, because we think that individualized determination goes with respect to the individual alien not with respect to the types of crimes or the types categories of things that the Attorney General could make different standards for the part of the problem that exists in this case is that the petitioner has a slightly different argument. And the first criteria limits, the kind of case because it refers only to a small quantity of a controlled substance that we know kilos aren't considered by anybody to be small quantity, but she has an effect. The coercion and the rest arguments that these categories preclude her from raising and doesn't that eliminate the case by case analysis, as it relates to her. So our position is that no your honor because those categories are factors, still could be analyzed, because under matter of while it you must first meet the six enumerated elements, however, then there is still a more totality of circumstances analysis applied after, and those you can't get out of the first block, as just Fisher was alluding to, you never get to consider those others. Yes, sir, it comes down to a question of whether or not the Attorney General has the ability to make a admittedly strong presumption I think the Attorney General in while it sounds to me like it's an absolute presumption I mean, he could have very easily said anybody who is convicted of, of a drug offense over half a kilo is not going to be eligible for withholding. He could have just said that. I noticed my time is up but I but you're you're in essence your answer would be yes he could just say that. Your Honor I think making those types of category rules is a much different question the question for the court and fundamentally I think that our response to would be that there have been examples of the presumption being rebutted, and so that that is fundamentally different because if the Attorney General had simply said yes drug trafficking convictions are categorically particular serious crimes when they're even when they're under five years. That's a very different case. The Attorney General expressly stated that he was not making that decision in matter of while and we don't think that should apply here. Your point. No. Okay, thank you. Thank you. Thank you. Thank you, honors I'm just for brief points. First, it's this court's role to ensure that the Attorney General doesn't exercise more discretion than what Congress delegated to him or her under the statute. And that's even more clear now after a little bit bright and this court has already done that this court has used the traditional tools of statutory construction in the start of LA to interpret the statute and held that that it does require an individualized case by case assumption determination. That was the prior agency practice and that's what Congress intended to continue to permit in the second part of, of that statute, and Congress in 1996 it made an exception to that background rule that this court has already recognized it made one exception for aggravated felonies with, with a five year sentence for a second. Can you turn the clock on for us. That's okay. Thank you. Don't worry. So, you know, that's okay. Congress, Congress chose to make one exception to to that background rule from the start of LA. Third, Your Honor. The, the prior cases that that my friend raised of course were unpublished, and in neither Ford nor Mars on did the petitioner really raise the issue of, of whether the matter of why l conflicted with the statute, the case, the issue hasn't been decided by this court and certainly not since Loper bright, what's our basis for jurisdiction, do you have a position. Yes, Your Honor page 2200 of Riley plainly contemplated that people who are seeking review of their cat claims will be able to get judicial review, there's a lengthy discussion of the, the practical issues created by the timing rule, and the 11th of Alaska is actually has recently decided a petition for review, where timeliness was waived and it went ahead and decided on the merits. Just two more quick points Your Honor my friend mentioned under Chong it's important that someone can raise arguments on their own behalf. Miss Laureano couldn't. She tried her attorney tried to make arguments but they were foreclosed by while because only the statute of conviction she couldn't explain what happened, why it happened, why the facts of the case didn't show that she's a danger to the community. And that's what Congress intended her to be able to do and was precluded here. I'm going to ask you just to pause for one second. Oh, thanks, but I think force the government. I'm sorry Council you can have back your time and finish that I was able to understood Your Honor. Just finally that even if, if the court believes that the Attorney General has the power to make rules they have to be rational and consistent with other cases and again the Attorney General has just recently emphasized that danger is the essential key and matter of BZR and what YL precluded my client from presenting any facts that would allow the IJ to make a conclusion about danger in her case, and you're about whether she was a danger. Is that the point you're talking about, yes, that whether her conviction indicates that she is a danger understood. Yeah. Okay. Thank you. Thank you. Give me one second, Councilman just remain seated. Okay, thank you for that momentary pause, and thank you Council for your arguments we understand everyone here is just representing a client, we get that. But you can understand when the court calls a case particularly this circuit calls a case for oral argument, a good deal of preparation goes in and seriousness goes in so that we can engage in fruitful conversations and we did have some fruitful conversations today. The court will thanks counsel again and we'll take this matter under advisement.